**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CHARLES E. GRIFFIN, II,

Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA,

Respondents.

_______________________________/

No. CIV S-11-0302-GEB-CMK-P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

[1] Petitioner actually titled his petition "Motion for Modification of Sentence." However, as a state prisoner challenging his conviction, his "Motion" is construed as a petition for a writ of habeas corpus.

Petitioner filed this petition challenging a 1993 Sacramento County conviction. In his petition, he sets forth the procedural history leading up to his current challenge, including that he previously filed not only state habeas petitions, but also a habeas petition in this court which was denied. (See Petition, Doc. 1 at 10-11). Petitioner further sets forth that he appealed this court's prior denial, and the Ninth Circuit Court of Appeal denied to issue a certificate of appealability. A review of petitioner's prior action reveals that his prior petition, case number 2:97-cv-0663-FCD-DAD, was denied on the merits.[2] Thus, petitioner's current petition is his second such challenge to his conviction.

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

Petitioner fails to provide this court with evidence that he has obtained leave of the Court of Appeals to file this second petition. Therefore, this court is without jurisdiction to

[2] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

consider the merits of the petition.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2011

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE